UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GREGORY MANGO,<br><br>                      Plaintiff,<br><br>- against -<br><br>(1) PENNWELL CORPORATION<br><br>                      Defendant. | Docket No. 4:20-cv-00587-JFH-CDL<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gregory Mango ("Mango" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant PennWell Corporation ("PennWell" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of veteran FDNY captain Paul Washington, owned and registered by Mango, a professional photographer. Accordingly, Mango seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Oklahoma and is registered with the Oklahoma Department of State Division of Corporations.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Mango is a professional photographer in the business of licensing his Photograph to online and print media for a fee having a usual place of business at 210 17th Street, Unit 3, Brooklyn, NY 11215.

6.  Upon information and belief, PennWell is a domestic business corporation organized and existing under the laws of the State of Oklahoma, with a place of business at 1421 S. Sheridan Road, Tulsa, OK 74112. Upon information and belief, PennWell is registered with the Oklahoma Department of Corporations to do business in Oklahoma. At all times material hereto, PennWell has owned and operated a website at the URL: www.Fireenigeering.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7.  Mango photographed veteran FDNY captain Paul Washington (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.  Mango then licensed the Photograph to the New York Post. On August 27, 2017, the New York Post ran an article on that featured the Photograph titled *FDNY captain claims firefighters 'do not run into burning buildings'*. See: https://nypost.com/2017/08/27/fdny-captain-claims-firefighters-do-not-run-into-burning-buildings/. Mango's name was featured in a

gutter credit identifying him as the photographers of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Mango is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-068-036.

**B.  Defendant's Infringing Activities**

11. PennWell ran an article on the Website entitled *FDNY Captain Claims Firefighters 'Do Not Run into Burning Buildings'*. See: http://www.fireengineering.com/articles/pt/2017/08/fdny-captain-claims-firefighters-do-not-run-into-burning-buildings.html. A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12. PennWell did not license the Photograph from Plaintiff for its Website, nor did PennWell have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

14. PennWell infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. PennWell is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by PennWell have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stated "Gregory Mango" and placed it on its Website without the gutter credit.

22. Upon information and belief, Defendant knowingly removed copyright management information identifying Plaintiff as the owner of two of the Photograph.

23. Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. The alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in two of the Photograph.

25. Defendant's conduct violated 17 U.S.C. § 1202(b)(3).

26. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages that he sustained and will sustain, and any gains, profits and advantages obtained as a result of Defendant's violation of 17 U.S.C. § 1202(b), including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 per violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant PennWell be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b)(3).

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 per each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Plaintiff be awarded his costs, expenses and attorneys' fees.

7. That Plaintiff be awarded his costs, expenses and attorneys' fees under section 1203(b).

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 16, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Gregory Mango*